UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZAKEE SHAKIR,<br>Plaintiff,<br>v.<br>OFFICE OF THE PROSECUTING ATTORNEY,<br>Defendant. | CASE NO. 3:26-cv-05739-BHS<br>ORDER |

THIS MATTER is before the Court following Magistrate Judge Grady Leupold's Order granting pro se plaintiff Zakee Shakir's application to proceed *in forma pauperis*, based on his indigency, leaving this Court to evaluate whether Shakir's complaint asserts a plausible claim and should be served. Dkt. 5 (citing 28 U.S.C. § 1915(e)(2)(B)).

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d

527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Shakir claims that the prosecutor maliciously prosecuted him in violation of his 4th, 5th and 8th Amendment rights, as evidenced by the prosecutor's dismissal of the assault charge for insufficient evidence one day before trial. Dkt. 6 at 7.

To state a 42 U.S.C. § 1983 claim for malicious prosecution, a plaintiff must show that "the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). Shakir's complaint contains no such allegations.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Shakir may file an amended complaint seeking to state a plausible claim within 21 days. The complaint should identify who did what to him, when, where, why, and how, and then plausibly articulate why that conduct is actionable in this Court.

IT IS SO ORDERED.

Dated this 6th day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge